LEO T. BRUENING, Respondent, v. METROPOLI-TAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 13, 1914.

NEGLIGENCE: Automobiles: Contributory Negligence: Instructions. One in an automobile driving on a street in a city upon which were street cars stopped at the curb to let a friend out. Then in starting up some wagons were in the way making it necessary to turn onto the car track to pass. When this was done he looked back and saw a street car about 500 feet back coming in the same direction. In a moment the car crashed into the rear of the automobile without warning. It was *held* that plaintiff was not guilty of contributory negligence as a matter of law. It was also *held*, that if guilty, it was proper to submit to the jury whether the motorman saw his peril, or might have seen it, in time to have saved him.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*John H. Lucas* and *Bruce Barnett* for appellant.

*Hadley, Cooper & Neel* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted to recover damages resulting to him by reason of personal injuries received in a collision with one of defendant's street cars. He recovered judgment in the trial court. This is a companion case to one in

favor of plaintiff's brother who was injured in the same collision, the judgment in which we recently affirmed, and to which we refer for a detailed statement.

One of defendant's cars was going north between Thirtieth and Twenty-seventh streets on Main street in Kansas City and plaintiff was riding with his brother in an automobile between the same points. It was after dark in the month of January. A Mr. Kiger was in the automobile with them and they let him out at the curb and then in starting up plaintiff's brother, who was driving the machine, discovered that coal wagons were in front of him. To pass them it became necessary to run in a somewhat diagonal course onto the east car track. The brother looked back to see if a car was coming, and saw one back as much as 500 feet. He could not tell the speed it was coming. His machine had acquired the speed of fifteen or twenty miles an hour. Presently the street car, estimated to be running thirty or forty miles an hour, crashed into the rear of the machine, without warning of any kind, throwing plaintiff out and doing him the injury for which he sues.

There is much said about distances and the measurements of the width of streets which it will not be necessary for us to recite in detail further than to refer to the companion case above mentioned. The essential facts are that the machine in which plaintiff was riding was started down the street at a speed of more than fifteen miles an hour and that it was turned on to one of defendant's tracks on which plaintiff saw a car about 500 feet back coming in the same direction. It had been upon the track but a moment or so before the collision. We cannot say, as a matter of law, that plaintiff was guilty of contributory negligence. Neither can we say he was not. We think it was a question for the jury, and it was properly submitted. [Kinlen v. Met. St. Ry. Co., 216 Mo. 145, 157; Schofstette v. Railway Co., 175 Mo. 142; Flynn v.

Met. St. Ry. Co., 166 Mo. App. 182, 187.]    The case before us can not be brought within the reason of cases where a vehicle is turned on to a street car track immediately in front of an approaching car.

The court instructed, in plaintiff's behalf, that even if he was guilty of contributory negligence, yet if the defendant's motorman saw or might have seen him, in time to avoid the collision, it was his duty to save him.

In view of the evidence in plaintiff's behalf which we must accept as the facts of the case, we do not see how any other verdict could have been rendered than the one returned.    The automobile was lighted front and rear.    If plaintiff was not negligent in being upon the track at the time and in the circumstances, travelling in the direction the car was coming, then, of course, he was entitled to a verdict.    If it was negligence in plaintiff, it is clear that his negligence must have been observed by the motorman.    He knew the speed he was coming.    He must have known, if he looked at all, that he would strike in a moment or so and yet he kept on at full speed without sounding a note of warning.

We think the case was properly submitted on the instructions and the judgment is affirmed.    All concur.